# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JULY SESSION, 1880.

---

[No. 7,334.—In Bank.]

## H. M. LEONARD ET AL. *v.* W. A. JANUARY.

COUNTY GOVERNMENT ACT—CONSTITUTIONAL LAW—JUDICIAL NOTICE.—The Act of the Legislature of April 27th, 1880, commonly known as the County Government Act, is in conflict with the Constitution of the State, and therefore void.

MANDAMUS to William A. January, Treasurer of Santa Clara County, to compel him to permit the plaintiffs to examine his books.

The plaintiffs are, H. M. Leonard, chairman of the Board of Supervisors, James H. Campbell, District Attorney, and H. W. Stevens, Auditor, of the same county; and they claimed the right to examine the books of the defendant under the act referred to in the opinion. The case was decided on demurrer to the petition.

*C. R. Greathouse, W. T. Baggett, J. C. Black,* and *Clitus Barbour,* for Defendant.

The title of the act is fatally defective. No code or statute, so far as the title goes, is mentioned, and what is amended, repealed, or added to, does not appear. (Const. § 24, art. iv; *People* v. *Hills,* 35 N. Y. 451; *Gaskins* v. *Meek,* 42 id. 188;

*People* v. *Allen,* id. 418; *People* v. *Commissioners,* 53 Barb. 70; *Durkee* v. *City of Janesville,* 26 Wis. 700.)

The bill was not read on three several days. (Const. § 15, art. iv.) The journals of the Senate show that the second and third readings were on the same day. Whether the Legislature, in undertaking to pass a bill, has complied with all the constitutional requirements, is a question of law for the Court to determine from its judicial knowledge of the proceedings, and the journals must be resorted to by the Court to ascertain whether or not the provisions of the Constitution have been complied with. (*Weill* v. *Kenfield,* 54 Cal. 111; *Gardner* v· *The Collector,* 6 Wall. 499; *Spangles* v. *Jacoby,* 14 Ill. 297; *Fowler* v. *Peirce,* 2 Cal. 168; *People* v. *De Wolf,* 62 Ill. 253; *Jones* v. *Hutchinson,* 43 Ala. 723; *Moody* v. *State,* 48 id. 120; *Osburn* v. *Staley,* 5 W. Va. 85; *People* v. *Mahany,* 13 Mich. 492.)

The act is not general or uniform. (Const. § 11, art. iv; § 16, subd. 28, art. ii.) It is conceded that the act was not intended to apply to San Francisco. If an act is special and local because it applies only to one county, it is equally so if it excepts from its operation one county. (*Desmond* v. *Dunn,* 55 Cal. 242; *Earle* v. *The Board of Education,* id. 489.)

The portion of the Political Code revised by the act was not re-enacted and published at length as revised. (Const. § 24, art. iv; *Smails* v. *White,* 4 Neb. 353; *City of Portland* v. *Stock,* 2 Oreg. 74; *Tuskaloosa Bridge Co.* v. *Olmstead,* 41 Ala. 9; *Falconer* v. *Robinson,* 46 id. 347; *Town of Martinsville* v. *Frieze,* 33 Ind. 507; *Greencastle S. T. Co.* v. *State,* 23 id. 383–6; *Blakemore* v. *Dolan,* 50 id. 203; *Mok* v. *Detroit etc.* 30 Mich. 529; *Earle* v. *Board of Education,* 55 Cal. 489.)

The title treating of government of counties must be held to be an act, and any attempt to amend any section of the title without re-enacting the whole is unconstitutional. (*Barnes* v. *Jones,* 51 Cal. 303; *People* v. *Molineux,* 40 N. Y. 113.)

The system amended was not itself uniform, numerous special acts having been passed since the Code went into effect, relating to several counties.

*Clitus Barbour,* also for Defendant.

*Walter Van Dyke,* for the Plaintiffs.

The Court must take notice that the Political Code is the only one having 4000 sections, and the only one that relates to county governments. The defect in the title is therefore immaterial. The first section of the act refers specially to the Political Code.

The point that the bill was not read on three several days cannot be raised on demurrer.

The act is not special. It relates to all the *counties* in the State. The government of the City and County of San Francisco is not a county government. It is a perfect municipal corporation; whereas a county is but a political subdivision of the State, and merely a *quasi* corporation. (Cooley Const. Lim. 240–1.) The distinction is recognized in the Political Code, and in the present Constitution. (Pol. Code, part iv; Const. § 4, art. xi.)

The Constitution only requires that the *section* amended should be re-enacted. A different construction would require a re-enactment of the whole Code whenever a section is amended.

By the COURT:

We are of the opinion that the act of the Legislature entitled " An Act to amend sections four thousand (4000), four thousand and three (4003), four thousand and four (4004), four thousand and six (4006), four thousand and twenty-two (4022), four thousand and twenty-three (4023), four thousand and twenty-four (4024), four thousand and twenty-five (4025), four thousand and twenty-six (4026), four thousand and twenty-eight (4028), four thousand and twenty-nine (4029), four thousand and forty-six (4046), four thousand and eighty-seven (4087), four thousand one hundred and three (4103), forty-one hundred and and four (4104), forty-one hundred and nine (4109), forty-one hundred and fifteen (4115), forty-one hundred and sixteen (4116), forty-one hundred and nineteen (4119), forty-one hundred and sixty-five (4165), forty-one hundred and ninety-two (4192), forty-two hundred and four (4204), forty-two hundred and twenty-one (4221), forty-two hundred and fifty-six (4256),

forty-three hundred and fourteen (4314), forty-three hundred and twenty-eight (4328), forty-three hundred and twenty-nine (4329), forty-three hundred and forty-four (4344), and add two sections to be known as sections (4292) and (4348), and repeal sections forty hundred and five (4005), (4105), (4106), and ten (4110), forty-one hundred and eleven (4111), forty-one hundred and thirty-four (4134), forty-three hundred and four (4304), to establish a system of county governments," approved April 27th, 1880, is in conflict with the Constitution of the State, and is therefore void.   Writ denied.

THORNTON, J., and MYRICK, J., dissented.

(MORRISON, C. J., not having heard the argument, took no part in the decision.)