[No. 8,235.—Department Two.]
March 24, 1882.

## MYERS *v.* THE BOARD OF SUPERVISORS OF ALAMEDA COUNTY.

SUPERVISORS—VACANCY IN OFFICE—POWER OF APPOINTMENT.—The amendments to the Political Code contained in the County Government bill, (so called), having been adjudged unconstitutional, there is no law authorizing an appointment by Superior Judges to fill a vacancy in the office of Supervisor; if there is power to appoint in such case it rests with the Governor, under Section 999, Political Code, or with the Board of Supervisors, under Section 4115, Political Code.

ID.—ID.—TENURE OF OFFICE.—A person elected Supervisor has the legal right to exercise and enjoy the office until his successor is duly appointed or elected.

APPLICATION for a writ of mandamus.

*R. A. Redman, J. C. Martin,* and *W. H. & J. R. Glascock,* for Plaintiff.

Myers, the petitioner, actually fills the office, and has done so since his election in 1878. (*Brady* v. *Therrett,* 17 Kansas, 468; 20 Barb. 302; *People ex rel. Maloney* v. *Whitman,* 10 Cal. 38; *People* v. *Tilton,* 37 id. 614; *People* v. *Bissell,* 49 id. 407. Also, the opinions of the Justices in *Treadwell* v. *Supervisors of Yolo County,* id.)

*Geo. E. Whitney,* for Defendant.

Mandamus is an extraordinary remedy and will never issue where there is another adequate remedy. (2 Johns. Cas. 217, note; High on Extraordinary Remedies, § 6).

It is never issued where an office is already filled *de facto* under color of right. (High, Ex. Remedies, § 49 *et seq.;* 3 Johns. Cas. 76; *Bonner* v. *Pitts,* 7 Georgia, 473; *People* v. *Olds,* 3 Cal. 170; *Meredith* v. *Sup'rs Sac. Co.,* 50 id. 433; *Denver* v. *Hobart,* 10 Nevada, 30.)

The COURT:

This is an application for a writ of mandamus to compel the respondent to permit the petitioner to join in performing the duties and exercising the functions of a member of the Board of Supervisors. The respondent demurred to the petition.

The petitioner was elected a member of the Board at the general election in September, 1878, for the term of three years commencing October 6, 1878. In January, 1882, citizens of Alameda county presented to two of the Judges of the · Superior Court of said county a petition representing that a vacancy existed in the office of Supervisor, and asking that one Brown be appointed to fill the vacancy. After hearing the petitioners in such petition and the said Myers, the said Judges made an order reciting that a vacancy existed, and appointing said Brown to fill the vacancy.

Under the late Constitution and the statute thereunder, the power to appoint to fill a vacancy in a Board of Supervisors was with the County Judge. In *Leonard* v. *January,* 56 Cal. 1, this Court decided that the amendments to the

Political Code contained in the County Government bill (so called) were unconstitutional; therefore, there is no law authorizing an appointment by Superior Judges. If there is power to appoint in such case, it rests with the Governor, under Section 999, Political Code, or with the Board of Supervisors, under Section 4115, Political Code. It does not appear that Brown claims the seat other than as the appointee of the Superior Judges; and until a person is duly appointed or elected, the petitioner has the legal right to exercise and enjoy the office. (Political Code, 879.)

Demurrer overruled, with leave to answer in ten days.