JOHN JENKINS

v.

ELIZABETH JENKINS.

*Filed at Ottawa September 27, 1882.*

1.  SEPARATE MAINTENANCE—*living apart must be without wife's fault.*
In order to authorize a decree against a husband for the separate maintenance
of his wife, she must show that her living apart from him is "without her
fault." Where the wife had for twelve years subjected her husband to vexa-
tious suits on groundless charges of extreme cruelty, and to another on a
groundless charge of adultery, and while the latter suit was still pending she
voluntarily went to his house with a party of her friends, and he ordered her
and her friends to leave, refusing to give her supper and forbidding her to
enter a bedroom, saying she could not stay that night, and this was all the
evidence to show her living apart from her husband was without her fault:
*Held,* that the evidence, under the circumstances, was not sufficient to justify
a decree of an allowance for a separate maintenance.

2.  After such a state of affairs and course pursued by the wife, she should,
on her return to his house, have distinctly told her husband that she proposed
to abandon the litigation against him, and live in peace with him, and have
given him the opportunity of considering her proposal to return, before she
could put him in default.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. ARTHUR D. RICH, for the appellant:

The courts will not encourage married persons to live
apart, otherwise than under the authority of a judicial de-
cree. 1 Bishop on Marriage and Divorce, sec. 550.

If a wife abandons her husband without justifiable cause,
or is living apart from him without his consent or fault, he
will not be liable for her separate maintenance. *Wahle* v.
*Wahle,* 71 Ill. 510; *Ross* v. *Ross,* 69 id. 569; *Angelo* v.
*Angelo,* 81 id. 251; *Bevier* v. *Galloway,* 71 id. 517.

While a husband is guilty of no cruelty towards his wife,
and is willing to provide her a home and all necessaries

there, he is not bound to furnish them elsewhere.  *McCutcheon* v. *McGahay*, 11 Johns. 282; *Rutherford* v. *Cox*, 11 Mo. 347; *Ross* v. *Ross*, 69 Ill. 569; 1 Bishop on Marriage and Divorce, sec. 573.

If at the time a wife, after having left her husband, offered to return, he had good grounds for a divorce against her for desertion, it was quite proper for him to refuse to condone her offence and refuse to let her remain with him.  If her divorce suits which she had instituted were not brought in good faith, her desertion for that purpose will not be excused in law.  *Doyle* v. *Doyle*, 26 Mo. 545; *Simons* v. *Simons*, 13 Texas, 468; 1 Bishop on Marriage and Divorce, sec. 802.

Messrs. E. & A. VAN BUREN, for the appellee, commented upon and reviewed the evidence, to show that appellee's offer to return and live with her husband was made in good faith, and contended that his refusal to receive her back gave her the right to a separate maintenance.  Also, that the finding of the facts by the Appellate Court justified the decree, and that such finding of the facts was conclusive in this court, citing Hurd's Stat. p. 820, sec. 88; *Gravitt et al.* v. *Davis*, 92 Ill. 193; *Laird* v. *Warner*, id. 204; *Carr* v. *Miner*, id. 604; *Morris* v. *Preston*, 93 id. 215; *Illinois and St. Louis R. R. Co.* v. *Cobb*, 94 id. 55; *Germania Fire Ins. Co.* v. *McKee*, id. 494; *Hewitt* v. *Board of Education*, id. 528; *Albin* v. *Kinney*, 96 id. 214; *Brandt* v. *Lill et al.* id. 608.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a suit by Mrs. Jenkins against her husband for separate support, upon the ground, as alleged, that she is living separate from her husband without her fault.  The record shows that the parties were married in 1867.  Soon after the marriage the parties had a difficulty, and she filed a bill for divorce upon a charge of cruelty.  That bill was dis-

missed. In 1872 she filed another bill seeking a divorce upon the ground of alleged cruelty. On hearing, this bill was dismissed by the court. The complainant at once returned to his house, and lived in his house for a time, and again filed a bill for divorce, charging her husband with adultery. This was in May, 1875. In this case the circuit court made the decree sought. That decree was reversed upon the merits by this court, in an opinion filed January, 1878. (See 86 Ill. 340.) This bill was filed June 7, 1878. She now claims to be living separate and apart from her husband without her fault, upon the allegation that he wrongfully refuses to permit her to live with him at his home. This allegation she attempts to support by proving that on May 5, 1878, she, in company with some friends (the chief of whom was a Mrs. Smith), went without notice to the dwelling of her husband, and entered the house when he was absent; that soon he came in and found them there, and seemed very much surprised, and ordered her and her friends to leave; that in the interview she asked for her supper, which was refused, and attempted to enter a bedroom with a traveling bag in her hand, and he forbade it, and told her she could not stay there that night.

On reading all the proofs, it seems plain to our minds that the complainant's separate living from her husband is not shown to be "without her fault." The circumstances of this visit to the house of her husband excite strongly the suspicion that what she sought was not a home in the house of her husband, where she might live as a dutiful wife, but rather evidence of a refusal on his part of shelter, so that she might institute a suit for separate maintenance. Be this as it may, it is plain that a wife who had been at war with her husband for twelve years, and who has subjected him to a vexatious suit on a groundless charge of extreme cruelty, and who had also subjected him to another vexatious suit upon a groundless charge of adultery,—who, while the

latter suit was still pending, and after a voluntary absence from her husband's home for years, should suddenly arrive with a party of friends at his house, and say and do exactly what she says she did say and do, and no more,—has no right to complain that her husband refused to permit her in his house. She did not say to him, "I have returned seeking shelter under your roof as your wife, hoping to live in peace." She did not retract her groundless charges of cruelty and of adultery. After such a history she should at least have distinctly told her husband that she proposed to abandon the war and to live in peace, and she should, to put him in fault, and before she could have adequate excuse for separate living, have giving him the opportunity of considering her proposition to return, so that he might, as he had a right to do, determine what room or rooms she should take.

The decree of the circuit court, we think, is not warranted by the proofs, and ought to have been reversed by the Appellate Court. The judgment of the Appellate Court is therefore reversed, and the cause remanded, that the bill may be dismissed.

*Judgment reversed.*