[ Argued April 22; decided July 26, 1897.]

## FOWLER *v.* FOWLER.

( 49 Pac. 589.)

LIABILITY OF HUSBAND FOR WIFE'S SUPPORT.—In a proceeding under Laws 1889, p. 92, to compel a husband to contribute to his wife's support, the wife, if living apart from her husband, must allege and prove that the separation is without her fault, and that he has, without just cause, neglected or refused to support her.

From Multnomah: ALFRED F. SEARS, Judge.

Suit by Edith Fowler against her husband, Joseph Fowler, to compel him to contribute to her support. There was a decree for plaintiff.

REVERSED.

*31 Or.—5.*

For appellant there was a brief by *Mr. A. King Wilson.*

For respondent there was a brief by *Messrs. Stott, Boise & Stout.*

ON REHEARING.*

Opinion by MR. JUSTICE BEAN.

The statement in the original opinion, that the record affirmatively shows that all the testimony in the case is not here is an error into which the court was led by a statement of one of the counsel, made at the opening of the hearing, and noted by the stenographer. From the certificate of the trial judge, however, to which our attention has been called by this petition, it appears that the record before us does contain "all the evidence in the case," and it will therefore be necessary to ascertain whether it is sufficient to support the order. The act of the legislature upon which the proceeding is based provides "that it shall be lawful for any married woman to apply to the circuit court of the county in which she resides for an order upon her husband to provide for her support and the support of her minor children, if any, by said husband living with her," and that "if it shall appear to the court, after hearing the parties, that said husband is able to support or contribute to the support of his wife and said children, if any, and that he neglects or refuses to perform his duty in that respect," it shall

*NOTE.—The first opinion herein was for affirmance because not all the testimony was in the record. That, however, is not now in force, and by direction of the judges it is omitted from the official reports as not relating to a matter before the court.—REPORTER.

have power to make such decree as to her support as shall be equitable, in view of the circumstances of both parties: Laws 1889, p. 92.

In her petition the plaintiff avers that she is living separate and apart from defendant, and that such separation is without fault on her part; and this was a material issue in the case. To entitle a wife living separate and apart from her husband to prevail in a proceeding under this statute, she must not only allege, but must show by competent evidence, that the separation is without her fault, and that the husband has, without just cause, neglected or refused to support her. The statute was not designed to change the rule of the common law as to the liability of the husband for the support of his wife living apart from him. It was intended to give her a remedy directly against him, instead of having it worked out through some third person, as it had to be at common law. But it is only in cases where the husband could be compelled at common law to pay for necessaries furnished his wife, living separate and apart from him, that she is entitled to an order for support under this statute. In either instance she must have a just cause for the separation. The husband's duty to support his wife is conditioned upon her not breaking up the marital relation without his fault or consent, and therefore, if she is living separate and apart from him, she must allege and prove that the estrangement is without her fault, before she can compel him to contribute to her support, under the provisions of the statute: Bishop on Marriage and Divorce, §§ 1223, 1228; *Weigand* v. *Weigand*, 41 N. J. Eq. 202 (3 Atl. 699); *Anderson* v.

*Anderson,* 45 Ill. App. 168; *Jenkins* v. *Jenkins,* 104 Ill. 134; *People* v. *Naehr,* 30 Hun. 461. Now, in this case, there is not a particle of evidence in the record showing or tending to show that the petitioner is justified in living apart from her husband. It appears therefrom that she and her husband were married September 24, 1874, and still are husband and wife, and have no children; that, since the hearing on a former petition for support filed by the plaintiff, the defendant has not requested the plaintiff to live with him, and has made no provision for her support or maintenance, although requested to do so; that she has no means of support, and is unable to work. And this is the substance of all the evidence in the case, and wholly fails to show that the separation is without the fault of the petitioner. It is true, the court finds that she is without fault, but this finding is not supported by the evidence; and whatever knowledge or information the court may have had in relation to that matter, derived from evidence produced in former proceedings between these same parties, could not be used to support the judgment or order in this particular case, unless in some. way made a part of this record. It follows from what has been said that the order from which this appeal is taken is erroneous, and must be reversed.

                                        REVERSED.