## THERKELSEN v. THERKELSEN.

[54 Pac. 885, 57 Pac. 373.]

1. SUIT BY WIFE FOR SUPPORT—ALLOWANCE PENDENTE LITE.—In a suit by a wife against her husband for separate support under the act of 1889 (Laws, 1889, p. 92, §§ 2, 3), the court cannot make an allowance for the wife's counsel fees, nor for her support *pendente lite*.

2. APPEALABLE ORDER.—An order void because an excess of jurisdiction is final in its legal signification, and therefore appealable: *Deering* v. *Quivey*, 26 Or. 556, followed.

3. RELIEF FROM FEES—POWER OF SUPREME COURT.—The supreme court cannot relieve a party from the payment of the fees required by law to be paid to the state, unless such power is specially conferred.

From Multnomah:   JOHN B. CLELAND, Judge.

Suit by Annetta Stella Therkelsen against her husband Lawrence E. Therkelsen for separate support. Defendant appealed from an intermediate order allowing certain sums to plaintiff *pendente lite*.   A motion to dismiss this appeal was overruled.   Subsequently a decree for plaintiff was rendered on the merits, from which defendant appealed, whereupon plaintiff applied to be excused from paying the court fees imposed by statute on the ground that she was without means to do so. This motion was also overruled.   Subsequently, on January 29, 1900, all appeals were dismissed by stipulation.

MOTIONS OVERRULED.

Decided 31 October, 1898.

### ON MOTION TO DISMISS APPEAL.

*Mr. Frank Schlegel*, for the motion.

*Mr. Thomas N. Strong*, *contra*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a suit by the wife to secure a separate maintenance from the husband under the act to provide for the support of married women, approved February 25, 1889 (Laws, 1889, p. 92; Hill's Ann. Laws, [ed. 1892] p. 1867). The plaintiff applied for an allowance *pendente lite*, and, after hearing upon affidavits *pro* and *con*, the court made and entered an order "that the said defendant pay to the plaintiff's attorneys, for the use of the plaintiff, the sum of $60 for the support of the plaintiff during the pendency of this suit, and the further sum of $50 for attorney's fees; and that this order have the full force and effect of a decree for said sums of money." From this order the defendant appeals, and the plaintiff moves to dismiss the appeal upon the ground that the order is not, in its nature, final or appealable.

1. By statutory intendment the act alluded to gives a distinct remedy, unconnected with, and independent of, any divorce proceedings between the parties. It is enacted by section 2 that "if it shall appear to the court, after hearing the parties, that said husband is able to support or contribute to the support of his wife and children, if any, and that he neglects or refuses to perform his duty in that respect, the court shall have power to make such decree as to the support of said wife and children, if any, by said husband as shall be equitable in view of the circumstances of both parties." Section 3 provides: "The practice in such cases shall conform as nearly as may be to the practice in divorce cases, and the

court shall have power to enforce its orders as in other equity cases.'' The sole and ultimate purpose of the act is to provide for the separate support and maintenance of the wife and minor children by the marriage, if any. The court is invested with the power to grant the contemplated relief ''after hearing the parties,'' and it seems it must come after trial, and as a result of a final hearing. It is not incidental, as in a suit for divorce, where the purpose is to enable the wife to litigate with her husband, but final as the sole and ultimate redress to be administered.

Nor does section 3, in our opinion, invest the court with power to accord the incidental relief claimed. The power of the court to make allowances for the wife during the pendency of a suit for divorce is statutory, and may be exercised (1) to enable the wife to prosecute or defend the suit, as the case may be; (2) for the care, custody, and maintenance of the minor children of the marriage: 1 Hill's Ann. Laws, § 500. The contention of the respondent would require us to read this section into the act in question, but the language employed is not sufficiently broad or explicit to permit of such an interpretation. The meaning of the clause prescribing that ''the practice in such cases shall conform as nearly as may be to the practice in divorce cases'' is simply that the procedure shall be similar in so far as the court is empowered to act, and it was not intended thereby that any of the provisions of the statute pertaining to the dissolution of the marriage contract should be interpolated or read into the act for the wife's separate maintenance. This construction is borne out in some measure by the case of *Foss* v. *Foss*, 2 Ill. App. 411. The act therein considered gave a like remedy to the one in question, but, instead of section 3, it contained the following clause, viz.: ''And the court may grant al-

lowance to enable the wife to prosecute her suit, as in cases of divorce.'' And it was held that, while the court was invested by the particular clause with power to grant an allowance for attorney's fees necessary to enable her to prosecute the suit, it could not make an allowance *pendente lite* for her support and maintenance. The act under consideration makes no such specific provision for the allowance of attorney's fees, and by parity of reasoning the court is not even empowered to make an allowance for that purpose.

2. The allowance in question being without the power or authority of the court to make, the order directing it is void, as an excess of jurisdiction, and is therefore final in its legal significance, and an appeal will lie from it: *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710). The motion to dismiss should be overruled, and it is so ordered.

MOTION OVERRULED.

Decided 5 June, 1899.

ON APPLICATION TO BE EXCUSED FROM PAYING COURT FEES.

*Messrs. George W. P. Joseph* and *Frank Schlegel*, for the motion.

*Mr. Thomas N. Strong, contra.*

3. PER CURIAM. This is an application by the plaintiff and respondent to be relieved from the payment of fees required by the act of February 18, 1899 (Laws, 1899, p. 167). Section 2 of the act referred to provides that ''the appellant in a civil case, upon filing his transcript in the supreme court, shall pay to the clerk thereof, in advance, the sum of $25, which shall be in lieu of all fees heretofore required by law to be paid by him except the trial fee ; and the respondent in such case, upon en-

tering his appearance in the appellate court or filing his brief therein, shall pay to such clerk, in advance, the sum of $20, in lieu of all fees heretofore required by law." The act makes no exception in the class of cases referred to, and there being no authority vested in the court to relieve a party from a compliance therewith, or to suspend its operation in any case, the motion must be denied, notwithstanding the meritorious showing made.

APPLICATION DENIED.