572                        HEARN v. LOUTTIT.                        [42 Or.

## HEARN v. LOUTTIT.

[72 Pac. 132.]

STATUTES—TITLE OF AMENDATORY ACT—CONSTITUTIONAL LAW.

Under Const. Or. Art. IV, § 20, requiring the subject of an act to be expressed in the title, an act purporting to amend a stated section of a given compilation of laws is void for want of a sufficient title to express its subject, where there is no book of laws known with that title: *Ex parte Howe*, 26 Or. 181, distinguished. The following is an application of this rule: The Code of Civil Procedure enacted in 1862, and the Code of Criminal Procedure, adopted in 1864, each contain a section numbered 711. These codes, together with some miscellaneous laws, were afterward published under the authorized designation of "The General Laws of Oregon." Still later the legislature authorized another compilation, but without specifying a name for it, and when it was published the title, "Hill's Annotated Laws of Oregon," appeared on the · back of the book, while "The Codes and General Laws of Oregon, Compiled and Annotated by William Lair Hill," was the imprint on the title page. In this last-named compilation the sections were renumbered and made consecutive, and for the first time the number 711 was attached to a section relating to the admissibility of evidence in actions by or against personal representatives of deceased persons. In 1893 the legislature passed an act entitled "An Act to Amend Section 711 of the Codes and General Laws of Oregon" (Laws 1893, p. 134), and containing matter relative to the admissibility of self-serving declarations of a decedent. *Held*, that the last-named act was invalid, since its title does not express the subject matter with the certainty required by the provisions of Const. of Or. Art. IV, § 20.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action by William Hearn, as administrator, against Rachael Louttit. Judgment for plaintiff, and defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Rodney L. Glisan* and *Mr. A. King Wilson*.

For respondent there was a brief over the names of *Claud Strahan* and *Waldemar Seton*, with an oral argument by *Mr. Strahan*.

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover $1,000, alleged to have been loaned to defendant by Mrs. Mangan, the plaintiff's intestate, on or about October 16, 1894, payable within one year, with interest at 8 per cent per annum. The answer denies the cause of action set up in the complaint. On the trial the defendant

testified, as a witness in her own behalf, that she never at·any time borrowed of Mrs. Mangan the money alleged, and was not indebted to her estate in any sum whatever.  The plaintiff was thereupon permitted, over defendant's objection and exception, to give in rebuttal certain statements and declarations of Mrs. Mangan in her own favor concerning the alleged loan. These declarations were not made in the presence of the defendant, and did not form a part of the *res gestae,* and it is admitted that they would therefore be inadmissible as evidence at common law.  It is contended, however, that such evidence is competent under the act of 1893, entitled "An act to amend section 711 of the Codes and General Laws of Oregon," which provides "that section 711 of the Codes and General Laws of Oregon be and the same is hereby amended so as to read as follows," etc.; inserting all of section 711 of Hill's Annotated Laws of Oregon of 1892,. with the following clause added: "Provided, that when a party to an action or suit by or against an executor or administrator appears as a witness in his own behalf.  Statements of the deceased concerning the same subject in his own favor may also be proven": Laws 1893, p. 134.

The position of the defendant is that this alleged amendatory act is unconstitutional, and consequently void, because the subject thereof is not sufficiently expressed in the title. The Constitution requires that every legislative act shall include but one subject, and matters properly connected therewith, which subject shall be expressed in the title (Const. Or. Art. IV, § 20, and it is argued that an act to amend a certain section of "the Codes and General Laws of Oregon," without more, is indefinite and meaningless, because there is no single statute, compilation, or publication known by that title.  There are two codes—one, the Code of Civil Pro·cedure, enacted in 1862; the other, the Code of Criminal Procedure, adopted in 1864—and one compilation, that of Deady and Lane, made in 1872, legally known as "The General Laws of Oregon."  The civil code contains sections from 1 to 1167, and was published in 1863, with what the compiler styled "The General Laws of Oregon."  The criminal code contains 731

sections, numbered from 1 consecutively, and was first pub-
lished in 1866 with the civil code, together with, as stated
therein, "A Compilation of the General Laws." The next author-
ized publication was prepared by Deady and Lane in 1872, and
issued in one volume, containing the civil and criminal codes,
as originally adopted, with subsequent amendments, and what
they called "The Miscellaneous Laws." The act of the legis-
lature authorizing this compilation provided that after it
should be made, approved by the governor, and printed, as
therein provided, it should be known as "The General Laws of
the State of Oregon": Laws 1872, p. 71. The laws were again
compiled and published in 1887 by William Lair Hill, in two
volumes; the first containing the civil and criminal codes and
the law relating to practice in justices' courts, and the second
the "Miscellaneous Laws." In Hill's compilation the sections
are, by authority of the legislature, numbered from 1 consecu-
tively to the end; the original numbering being, however, re-
tained. None of the publications referred to was ever adopted
or enacted in the form of a law or statute by the legislature,
being only in each instance a compilation of existing laws and
statutes; and none of the acts authorizing the compilations,
except that of 1872, provided by what name the proposed com-
pilation should be cited or known. There is, therefore, no
authorized single publication of the laws of the state with the
title "The Codes and General Laws of Oregon," and, as the
only codes are those of civil and criminal procedure referred
to, and the only general laws the compilation of 1872, it would
seem naturally to follow that such a reference in the title of a
legislative act must have been intended for such codes and gen-
eral laws.

As each of the codes, however, contains a section 711, and the
compilation of 1872 has two sections so numbered, a mere refer-
ence in a title of an amendatory act to a certain section of
"The Codes and General Laws of Oregon" certainly does not
express the subject of the proposed legislation with that clear-
ness and certainty contemplated by the constitution. The
compilation of Mr. Hill is the only one containing a section 711

having any connection with the subject-matter of the amendatory act now under consideration, but it is not recognized or designated in the law providing for the compilation, or in any other legislation, as "The Codes and General Laws of Oregon." The title of the work, as shown by the inscription on the cover, is "Hill's Annotated Laws of Oregon," and by the title-page as "The Codes and General Laws of Oregon, Compiled and Annotated by William Lair Hill.    The titles, however, were the acts of either the compiler or publisher, and only indicates what were deemed by such person or persons to be convenient designations for the work.    The law under which the compilation was made does not provide or declare by what name it shall be known or cited; neither did the legislature authorize the compiler, nor could it have done so, to add to or take from the existing laws, or to give to them any designation or title not already existing.    The compilation, however, is an authorized publication, and any reference to it, or designation from which it can be clearly identified, such as "Hill's Annotated Laws of Oregon," or "The General Laws of Oregon, Compiled and Annotated by William Lair Hill," or words of similar import, will be sufficient, as they indicate with reasonable certainty what compilation is meant or intended.    It is not so identified, however, by merely designating it as "The Codes and General Laws of Oregon."    If we look to the body of the amendatory act now in question, and compare it with Section 711 of Hill's Annotated Laws of Oregon of 1892, we see that they are both applicable to the same subject, from which we may reason that the title of the act was intended to refer to such particular section.    It is not in this manner, however, that the Constitution requires notice or information of the subject of proposed legislation to be given.    The title of a legislative act must be, in a sense, an index to its subject-matter.    That it is so closely related that it may be construed so as to bring it within the body of the law will not suffice.    Under many authorities, the designation of an act in its title as an amendment to a certain section of a law or statute, without any other or further expression of the object of the act, is not a

sufficient compliance with the Constitution, for, as it is said, it expresses no subject, but simply states where the subject may be found: *Harland* v. *Territory of Washington,* 3 Wash. T. 131 (13 Pac. 453) ; *People* v. *Hills,* 35 N. Y. 449; *People ex rel.* v. *Briggs,* 50 N. Y. 553; *Tingue* v. *Village of Port Chester,* 101 N. Y. 294 (4 N. E. 625) ; *Leonard* v. *January,* 56 Cal. 1.    We have, however, followed the more liberal line of decisions, and held such a title sufficient: *Ex parte Howe,* 26 Or. 181 (37 Pac. 536).    But we do not feel justified in extending the rule, and holding that any reference from which it may be conjectured or argued that a certain section of a certain law or compilation was intended will answer.    That would be going beyond any adjudicated case of which we have cognizance.    In our opinion, therefore, the title of the amendatory act in question does not sufficiently express the subject of the proposed legislation, within the meaning of the Constitution, and consequently the act must be regarded as void.

There were other questions argued and submitted in the case, but *it is not believed to be necessary to consider them at this time.*    The judgment of the court below is therefore reversed, and the cause remanded for a new trial.          REVERSED.

<br>

Decided 1 May, 1903.