Decided 6 July, 1903.

**STATE ex rel. v. BANFIELD.**

[72 Pac. 1093.]

CONSTRUCTION OF STATUTES— MEANING OF LEGISLATURE.

1. The act of 1903, purporting to amend the statutes relating to The Port of Portland (Laws, 1903, p. 339), was intended as an amendment of the act of 1901 on the same subject. This is evident from the language of the title of the act, and from a comparison of the act of 1901 with an act on the same subject in 1899, which does not contain any sections numbered to correspond with those revised by the latest act.

QUOTATION AND PUNCTUATION MARKS — STATUTES.

2. Quotation marks are points of punctuation, and, like other such points, are not controlling in determining the real meaning of an act or its title, but may be entirely disregarded or rearranged as the meaning may require.

STATUTES — TITLE OF AMENDATORY ACT — CONSTITUTION.

3. The requirement of Const. Or. Art. IV, § 20, that "every act shall embrace but one subject and matters properly connected therewith, which subjects shall be expressed in the title," is complied with, in the case of an amendatory act, by any designation that identifies with reasonable certainty the law to be modified.

JUDICIAL NOTICE OF DATES OF LEGISLATIVE ACTS.

4. Under B. & C. Comp. § 720, subd. 3, providing that courts will take judicial notice of the "public and private official acts of the legislative, executive, and judicial departments of this state," the courts may properly consider the dates of the enactment of the various statutes relating to The Port of Portland.

From Multnomah: ARTHUR L. FRAZER, ALFRED F. SEARS, JR., and MELVIN C. GEORGE, Judges, in joint session.

*Quo warranto* by the State of Oregon, on the relation of Chas. F. Swigert and others, against M. C. Banfield and others, to determine the right to an office. There was a judgment for relators and defendants appeal. The case was submitted on briefs under Rule 16 (35 Or. 600, 601).

                                    AFFIRMED.

For appellant there was a brief over the name of *Williams, Wood & Linthicum.*

For respondents there was a brief over the names of *John Manning*, District Attorney, and *Carey & Mays.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a proceeding to determine whether the relators or the defendants are entitled to exercise the power and authority vested in the board of commissioners of The Port of Portland. The questions involved relate to the construction and sufficiency of the title of the act of 1903, which act purports to invest the relators with such power and authority, and, if valid, displaces the defendants, who constitute the present board. The following is a literal copy of the title, including quotation marks (Laws, 1903, p. 339):

An act to amend section 25 and section 28 of an act entitled an act to revise and amend an act entitled "An act to establish and incorporate the Port of Portland, and to provide for the improvement of the Willamette and Columbia rivers in said port, and between said port and the sea, passed by the Legislative Assembly of the State of Oregon in the year 1891, and filed in the office of the Secretary of State February 18, 1891; and to repeal an act entitled an act to amend an act of the Legislative Assembly of the State of Oregon, filed in the office of the Secretary of State February 18, 1891, entitled an act to estab-

lish and incorporate the Port of Portland, and to provide for the improvement of the Willamette and Columbia rivers in said port, and between said port and the sea, and filed in the office of the Secretary of State February 10, 1893, and to repeal an act entitled an act to amend an act entitled an act to establish and incorporate the Port of Portland, and to provide for the improvement of the Willamette and Columbia rivers in said port, and between said port and the sea, filed in the office of the Secretary of State February 18, 1891; and to amend an act entitled an act of the Legislative Assembly of the State of Oregon, filed in the office of the Secretary of State February 18, 1891, entitled an act to establish and incorporate the Port of Portland, and to provide for the improvement of the Willamette and Columbia rivers in said port, and between said port and the sea, filed in the office of the Secretary of State February 10, 1893," and approved February 18, 1899.

The first section of the act, observing the quotation marks as therein set forth. reads in part as follows:

That section 25 of an act entitled an act to revise and amend an act entitled "An act to establish and incorporate the Port of Portland, * * filed in the office of the Secretary of State February 10, 1893," and approved February 18, 1899, be amended to read as follows.

The title of the act of 1901 reads, preserving its form of quoting (Laws, 1901, p. 417):

An act to revise and amend an act entitled "An act to establish * * filed in the office of the Secretary of State February 10, 1893," and approved February 18, 1899.

In this title it will be noted that the closing words, "and approved February 18, 1899," are not contained in the quotation marks of the title of the act to be amended. The title of the 1899 act (Laws, 1899, p. 146) reads, literally:

An act to amend an act entitled "An act * * " filed in the office of the Secretary of State February 10, 1893.

This gives a sufficient outline of the situation. The

43 Or.—19.

judgment of the trial court being favorable to the relators, the defendants appeal, and in support thereof make two contentions : (1) That the act in question is void, because it was designed to be amendatory of the act of 1899, which had theretofore been repealed by the act of 1901 ; and (2) that, if designed to be amendatory in any respect of the act of 1901, it is void, because the latter act is not sufficiently described so as to indicate with reasonable certainty and definiteness that it is the act intended to be amended.

1. Speaking of the first contention, there is some confusion, caused, no doubt, by the inappropriate or inaccurate use of the quotation marks. If they had been so placed as to include the words, "an act to revise and amend an act entitled," at the beginning, and the words, "and approved February 18, 1899," at the conclusion of the title, there could have been no mistaking the purpose of the legislature to amend the act of 1901. By section 1 it is provided "that section 25 of an act," running in exact language and punctuation as the title of the act of 1901, "be amended to read as follows," section 25, as amended, being then set forth *in extenso*. And section 2 provides "that section 28 of said act be amended to read as follows," setting forth the section in like manner as with section 25. A reference to the act of 1899 shows it to be "An act to amend an act entitled 'An act to establish and incorporate the Port of Portland, * * ' filed in the office of the Secretary of State February 10, 1893." The act under consideration is entitled, "An act to amend section 25 and section 28 of an act entitled 'An act to revise and amend an act entitled "An act to establish and incorporate the Port of Portland, * * "' " thus indicating unmistakably that the amendment contemplated was not of the amendatory act of 1899, but of sections 25 and 28 of a revisory and amendatory act to establish and incorporate

the Port of Portland, necessarily different and distinct from it. Another feature rendering it impossible that reference could have been made to the act of 1899, if we may be permitted to make note of it, is that it contains but eight sections, numbered consecutively, while the act of 1901 contains sections corresponding in number to those stated by the bill; so that it is made absolutely certain that the present act was not intended to be amendatory of the act of 1899.

2. Quotation marks are marks of punctuation (Webster's Intern. Dict.), and the punctuation of an act or its title is not controlling in construing it for the purpose of ascertaining its real meaning. Says Mr. Justice HARLAN, in *Hammock* v. *Loan & Trust Co.* 105 U. S. 77, 84, "punctuation is no part of the statute," and this court, in treating of the subject, has declared the rule to be that "courts will, in the construction of statutes, for the purpose of arriving at the real meaning and intention of the lawmakers, disregard the punctuation, or repunctuate, if need be, to render clear the true meaning of the statute" (*Baker* v. *Payne*, 22 Or. 335, 341, 29 Pac. 787), employing very nearly the language of the court in *Hamilton* v. *Steamboat R. B. Hamilton*, 16 Ohio St. 428. See, also, *Allen* v. *Russell*, 39 Ohio St. 336; *Albright* v. *Payne*, 43 Ohio St. 8 (1 N. E. 16); *Cushing* v. *Worrick*, 9 Gray (Mass.), 382; *Gyger's Estate*, 65 Pa. 311. *Commonwealth* v. *Taylor et al.* 159 Pa. 451 (28 Atl. 348), is a case of much similarity to the one at bar, involving the inappropriate use of the quotation marks, wherein the latter of subquotation marks was treated as if set back to the end of a preceding clause in the title, the sense being otherwise clear and perspicuous. So it is with the title of the present act. The meaning is clear, and we have only to readjust the quotation marks to relieve it of all confusion or doubt. The first contention is therefore not sustained.

3. The explicit objection involved in the second contention is that the title of the act omits any reference to the date of the passage of the act intended to be amended, or of its approval or filing with the Secretary of State, or any indication as to where it may be found in an authorized publication of the statutes or laws of the state, thus rendering the title indefinite and uncertain as to the statute or act intended to be amended, and therefore that it is not within the precept of the Constitution Art. IV, § 20, that "every act shall embrace but one subject, and matters properly connected therewith, which subjects shall be expressed in the title." As a general rule, any reference to the law to be amended, or designation of it by which it can with reasonable certainty be determined what law is intended, is sufficient to meet such constitutional requirements: *Hearn* v. *Louttit*, 42 Or. 572 (72 Pac. 132). It was held, in *Shoemaker* v. *Smith*, 37 Ind. 122, in accordance with this principle, that "there was no need of stating the date of the approval of the amended law. This is usually, but not necessarily, done, and the omission can be of no consequence if the law intended to be amended is pointed out with such reasonable certainty as to identify it. This is done by a substantial recital of its title, and we will take judicial notice that there is no other statute bearing such title." Barring quotation marks, and perhaps some other punctuation, the title of the act of 1901 is exactly stated in the title of the act in question, so that there is no chance of mistaking the act or statute designed to be amended, and the constitutional requirement has been met.

4. The public character of the different acts relating to the Port of Portland will admit of the court taking judicial notice of their enactment (B. & C. Comp. § 720), and therefore no obstacle stands in the way of determining the

identity of the act intended to be amended from the title of the act in question.

These considerations are in affirmance of the judgment of the trial court, and such will be the order of this court.

AFFIRMED.