Argued January 19, affirmed February 7, rehearing denied April 3, 1928.

## RUHAMA L. WERTZ *v.* JOSEPH WERTZ.

### (263 Pac. 911.)

**Adoption—In Wife's Action for Separate Maintenance, Husband Held Required to Provide for Adopted Child (Or. L., § 9772).**

1. In action by wife against husband for separate maintenance where child had been adopted, contention that husband was not obliged to provide for maintenance of child *held* without merit, since by virtue of Section 9772, Or. L., adopted child has same legal status as if it had been born during lawful wedlock.

**Husband and Wife—In Action for Separate Maintenance, Allowance of Attorney's Fees to Wife With Which to Prosecute Suit Held Proper (Or. L., §§ 512, 9751).**

2. In action by wife against husband for separate maintenance, allowance of attorney's fees *held* proper, under Section 9751, Or. L., providing that in suit of this sort practice shall conform as nearly as may be to practice in divorce cases, and after commencement court may issue order requiring defendant to conform to provisions of Section 512, which requires that husband pay such amount as may be necessary to enable wife to prosecute suit.

———

Adoption of Children, 1 C. J., p. 1398, n. 98.
Husband and Wife, 30 C. J., p. 1088, n. 63, p. 1093, n. 91 New, p. 1097, n. 20.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Ira W. Carl.*

For respondent there was a brief and oral argument by *Mr. H. M. Isaacs.*

BELT, J.—This is a suit for separate maintenance. The parties were married in Ashland, Oregon, March, 1900. No children were born as a result of the marriage, but, in November, 1912, be it said to their credit, they duly adopted a baby boy and named him Franklin Reeves Wertz. Plaintiff for some time prior to her marriage had been a teacher of music in the Ashland Normal School. From the record it appears that she is a refined and cultured woman. Defendant for several years has been employed in the railway mail service and earns $230 per month. In June, 1924, on account of marital difficulties, a separation occurred. Defendant removed nearly all of his personal effects from his home and continued to live separate and apart from his wife. In October, 1924, the husband commenced divorce proceedings in Multnomah County, Oregon, charging plaintiff herein with cruel and inhuman treatment. Upon hearing, this proceeding was dismissed. The instant suit was commenced in January, 1925. A decree was rendered that the husband pay the sum of $80 per month for the support and maintenance of his wife and the minor child, whose care and custody was awarded to plaintiff. It was also decreed that defendant pay the sum of $150 for attorney's fees. From this decree defendant has appealed.

There are many legal niceties discussed relative to the status of the pleadings in this case, but we prefer to pass to the merits of the controversy. We think it is established by the greater weight of the evidence

that the defendant, without just cause and without
fault on the part of the plaintiff, left the home of his
wife in June, 1924, and ever since has failed and
refused to contribute to her support, although he has
regularly paid each month the sum of $40 for the sup-
port and maintenance of the child. We see no good
that can be subserved by taking space in the reports to
recite the details of this shattered romance. The trial
judge's disposition of this cause meets with our
approval.

1. The contention that defendant is not legally
obliged to provide for the maintenance of a child by
adoption is wholly without merit. By virtue of Sec-
tion 9772, Or. L., this child has the same legal status
as if it had been born to them during lawful wedlock.
It would be a monstrous doctrine to announce other-
wise.

2. Defendant complains of the allowance of attor-
ney's fees in a proceeding of this nature. Section
9751, Or. L., provides that in such suits the practice
"shall conform as nearly as may be to the practice in
divorce cases," and that "after the commencement of
such suit and before decree therein the court or judge
thereof may, in its discretion, on motion of the plain-
tiff, issue an order requiring a defendant to conform
to any of the provisions of Section 512." Referring
to Section 512, we find it is provided "that the hus-
band pay or secure to be paid * * such an amount of
money as may be necessary to enable the wife to
prosecute or defend the suit * * ." Appellant relies
upon *Therkelsen* v. *Therkelsen,* 35 Or. 75 (54 Pac.
885, 57 Pac. 373), but this decision was rendered prior
to the amendment of Section 9751, Or. L., in 1905, and
is no longer decisive of the question under considera-

tion.  See *Taylor* v. *Taylor,* 70 Or. 510 (134 Pac. 1183, 140 Pac. 999).

No question of *res judicata* is involved.

The decree of the lower court is affirmed.

AFFIRMED.    REHEARING DENIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.