Argued March 7, reversed March 27, 1928.

## IN RE LEO.

## CLEMENT J. PAPE *v.* H. A. HOLLOPETER ET AL.

(265 Pac. 445.)

**Depositions—Statute Relating to Taking of Deposition Before Trial Held to Make No Distinction Between Actions at Law or Suits in Equity and Special Proceedings (Or. L., §§ 837, 846).**

1. Section 837, Or. L., providing that depositions may be taken "in an action at law or suit in equity at any time after the service of the summons or the appearance of the defendant; and in a special proceeding after a question of fact has arisen therein" in certain enumerated cases, properly construed in connection with Section 846, *held* to require showing that one of enumerated cases was applicable as condition precedent to issuance of deposition either in action at law or suit in equity or a special proceeding; the insertion of a semicolon instead of a comma having been an inadvertence.

**Statutes—Spirit and Reason of Law Takes Precedence Over Its Punctuation.**

2. The spirit and reason of a law takes precedence over its punctuation, and consideration of punctuation, in order to ascertain legislative intention, is generally a last resort.

Depositions, 18 C. J., p. 612, n. 30.
Statutes, 36 Cyc., p. 1117, n. 17.

From Multnomah: ASHBY C. DICKSON, Judge.

Department 2.

KEVERSED.

For appellant there was a brief and oral argument by *Mr. Ralph H. King.*

For plaintiff-respondent there was a brief over the name of *Mr. W. van Everdingen,* with an oral argument by *Mr. R. F. Hollister.*

2. Punctuation as affecting construction of statutes, see note in 10 Ann. Cas. 1083. See, also, 25 R. C. L. 965.

For defendant-respondent there was a brief over the name of *Messrs. McCamant & Thompson.*

BELT, J.—This is an appeal from an order adjudging R. J. Leo in contempt of court for his refusal to give testimony by deposition in advance of trial in the action of *Pape* v. *Hollopeter.* The decision hinges upon the construction of Section 837, Or. L., which provides as follows:

"The testimony of a witness in this state may be taken by deposition in an action at law or suit in equity at any time after the service of the summons or the appearance of the defendant; and in a special proceeding after a question of fact has arisen therein, in the following cases:—

"1. When a witness is a party, or an agent, officer, servant, or employee of a corporation which is a party to the action or proceeding by the adverse party;

"2. When the witness' residence is such that he is not obliged to attend in obedience to a subpoena as provided in section 818;

"3. When the witness is about to leave the county and go more than twenty miles beyond the place of trial;

"4. When the witness, otherwise liable to attend the trial, is nevertheless too infirm to attend;

"5. When the testimony is required upon a motion, or in any other case where the oral examination of the witness is not required; providing, however, that in any case provided for in subdivision 1 of this section, such deposition may be taken only before the court in which said suit or action is pending, or before a judge of a court of record within the county where such suit or action is pending; but in case such witness be not within said county such deposition may be taken before any judge of a court of record in any county within the state where such witness may reside or be found. (L. 1862; D. § 804; L. 1866,

p. 15, § 6; L. ·1870, p. 35, § 10; L. 1872, p. 118, § 3; L. 1874, p. 97, § 3; H. § 814; B. & C., § 826; L. 1905, c. 48, p. 109; L. 1909, c. 58, p. 105.)''

1. The Circuit Court held that the above section authorized the taking of a deposition of a witness, who was not a party in an action at law or suit in equity, at any time after the service of the summons or the appearance of the defendant, without showing that any one of the five subdivisions in the above section was applicable. Stated otherwise, it was held that in a special proceeding in order to take a deposition it was necessary to show that the witness came within the provisions of one of the above subdivisions, but that it was not necessary to do so where the deposition of a witness was to be taken in an action at law or a suit in equity. We do not agree with this construction of the statute. There is much significance in the following provision of Section 846, Or. L.:

"Either party may take the testimony of a witness in this state by deposition, *in the cases allowed by this code,* * * ."

In *Roberts* v. *Parrish,* 17 Or. 583 (22 Pac. 136), the court, in construing the above section, said:

"A person by being a party to an action is not deprived of the right to be a witness, and the testimony of any witness may be taken by deposition in the cases specified in section 814 (now section 837.)''

We take it from the brief of appellant that the trial court placed too much stress on the semicolon following the words, "appearance of the defendant." As the section was originally enacted no semicolon appeared at such place (Laws 1862, § 804), nor was there a semicolon in the first codification (Deady's Code, § 804). It likewise did not appear in the first

three amendments to that section (Laws 1866, p. 15; Laws 1870, p. 35; Laws 1872, p. 118).   The semicolon is first noted in the re-enactment of the section in 1874 and has been present in all codifications and re-enactments of the section since that time.   A semicolon, instead of a comma, was no doubt placed in the act through inadvertence.

2. We think the intention of the legislature is clear when the act is considered in its entirety.   The spirit and reason of the law takes precedence over its punctuation.   Consideration of punctuation, in order to ascertain the intention of the legislature, is generally a last resort: Lewis' Sutherland on Statutory Construction (2 ed.), § 361; *State ex rel.* v. *Banfield,* 43 Or. 287 (72 Pac. 1093).

It is affirmatively shown that none of the subdivisions of the above section apply to Leo, who is not a party to the action.   Therefore there was no authority for the taking of his deposition, as requested by counsel for the plaintiff.

It follows that the order adjudging him in contempt of court is reversed.            Reversed.

Rand, C. J., and Bean and Brown, JJ., concur.