Argued March 13; reargued June 5; modified June 11, 1940

# NOBLE *v.* NOBLE
(103 P. (2d) 293)

Department 2.

*Allan G. Carson,* of Salem (William J. Linfoot and Carson & Carson, all of Salem, on the brief), for appellant.

*W. C. Winslow,* of Salem (W. W. McKinney, of Salem, on the brief), for respondent.

LUSK, J. On this appeal, we are called upon to determine the validity of certain orders entered by the court below in a proceeding by the plaintiff, a married woman, for separate support for herself and minor children, brought under the provisions of § 33-207, et seq., Oregon Code 1930. The decree was in favor of the plaintiff, and the defendant, her husband, has appealed. The testimony has not been brought up, and the questions made arise upon the record, and the construction proper to be given to the applicable statute. There is an assignment of error attacking the decree *in toto,* but, as the argument in support of it is manifestly unsound and devoid of merit, it will not be further noticed.

Before decree the circuit court entered orders granting to plaintiff the custody of the three minor children of the parties *pendente lite,* making an award to the plaintiff of suit money, including attorney's fees, and directing the payment by the defendant to plaintiff of certain monthly sums for the support of the plaintiff and the minor children *pendente lite.* In the decree, the circuit court granted permanent custody of the minor children to the plaintiff, ordered the defendant to contribute the sum of $75 a month to the plaintiff for her support and that of the minor children, and

gave a judgment to the plaintiff for $125 attorneys' fees, which the defendant had been therefore directed to pay, but had failed to pay.

The challenge of the defendant is directed against those orders, both provisional and in the final decree, which have to do with the support and custody of the minor children, and the award of suit money, including attorneys' fees. The court is said to have been without power or jurisdiction to make any of them; and, with respect to the order for the support of the minor children, it is further claimed that the petition does not state the necessary facts to afford a basis for such relief.

For a proper understanding of the questions thus presented, it is necessary to advert to the governing statute. As originally enacted in 1889, it read as follows:

### "AN ACT

"To Provide for the Support of Married Women.
*"Be it enacted by the Legislative Assembly of the State of Oregon:*

"Section 1. That it shall be lawful for any married woman to apply to the circuit court of the county in which she resides for an order upon her husband to provide for her support and the support of her minor children, if any, by said husband living with her.

"Section 2. Her petition shall set forth the facts and circumstances upon which she relies for such order, and if it shall appear to the court, after hearing the parties, that said husband is able to support or contribute to the support of his wife and said children, if any, and that he neglects or refuses to perform his duty in that respect, the court shall have power to make such decree as to the support of said wife and children, if any, by said husband as shall be equitable in view of the circumstances of both parties.

"Section 3. The practice in such cases shall conform as nearly as may be to the practice in divorce

cases, and the court shall have power to enforce its orders as in other equity cases.

"Section 4. Such decree may be modified or vacated at any time upon a hearing of the parties.

"Section 5. Inasmuch as there is urgent necessity for providing for the support of married women without delay, this Act shall take effect from and after its approval by the Governor."

The statute was amended by Ch. 101, General Laws of Oregon 1905, and now appears as §§ 33-207, 33-208, 33-209 and 33-210, Oregon Code 1930. The amendment added new matter to § 3 of the original act (§ 33-209, ibid). It inserted the words "as in suits for divorce or" before the words "as in other equity cases" at the end of the section, and added the following:

"*Provided*, that after the commencement of such suit and before a decree therein the court or judge thereof may, in its discretion, on motion of the plaintiff, issue an order requiring the defendant to conform to any of the provisions of Section 512 of Bellinger and Cotton's Codes and Statutes of Oregon, *and provided further*, that as against the enforcement of any such order, the defendant shall be barred from claiming any exemption."

Section 512 of Bellinger and Cotton's Codes and Statutes of Oregon, the provisions of which are adopted by the foregoing amendment, appears in amended form as § 6-913, Oregon Code 1930. It is a part of the divorce statute of this state, and at the time of the 1905 amendment of the separate maintenance act, above quoted, read as follows:

"After the commencement of a suit, and before a decree therein, the court or judge thereof may, in its discretion, provide by order as follows:—

"1. That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may

be necessary to enable the wife to prosecute or defend the suit, as the case may be;

"2. For the care, custody, and maintenance of the minor children of the marriage during the pendency of the suit;

"3. For the freedom of the wife from the control of the husband during the pendency of the suit."

In 1917 this section was amended by adding to its first subdivision the words "and also such an amount of money as may be necessary to support and maintain the wife during the pendency of the suit." General Laws of Oregon 1917, Ch. 211; § 6-913, Oregon Code 1930.

*FIRST: The order for support of the minor children.*

■ The defendant says that the provision in the statute for the support of the minor children is not germane to the subject of the act as expressed in the title, which is: "An act to provide for the support of married women", and, therefore, that in this respect the law is void as in conflict with the constitutional mandate that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title", Art. IV, § 20, Constitution of Oregon.

The provisions for suit money, including attorneys' fees, and custody of the minor children, *pendente lite*, brought into the law by the 1905 amendment, are challenged on the same ground, and it will be convenient to treat them together.

The evils aimed at by the constitutional provision in question and the liberal construction which it should bear, have been more than once explained and announced by this court, and there is no need of further elaboration at this time. See, *State v. Allen,* 152 Or.

422, 428, 53 P. (2d) 1054; *Lovejoy v. Portland,* 95 Or. 459, 465, 188 P. 207, 209. As stated in the former case, the provision "was not intended to restrict the scope or magnitude of a single subject of a legislative act, and that, while the subject must be single, the provisions involved may be multifarious" (152 Or. 429).

■■ If it be true, as the defendant contends, that the support of children living with their mother, the custody of such children, and the award of suit money to the wife to enable her to prosecute a proceeding of this character, are all different subjects of legislation from the support of married women, then, under Art. IV, § 20, of the Constitution, they must all of them have been provided for by separate acts. We think that to be an untenable position. A suit for separate maintenance is akin to a suit for divorce. The maintenance awarded is, as the authorities hold, alimony. While the bonds of matrimony are not dissolved, yet an essential element of the plaintiff's case is that she show that she is living separate and apart from her husband through no fault of her own. *Fowler v. Fowler,* 31 Or. 65, 49 P. 589. Where there are children of the marriage, the problem of their care, custody and support naturally, and, perhaps inevitably, becomes a part of the controversy and of the court's solicitude, as in a suit for divorce; and we think, therefore, that legislative provision regarding these matters is as closely related to the subject of the support of married women as to the subject of divorce, which undoubtedly, as one of its incidents, includes them within its scope and purview.

As to suit money, the defendant's contention is clearly unsound. To lend it judicial approval would be to place a construction upon the constitutional provision so narrow and confined as to hamper unneces-

sarily the legislative process. We are unwilling to say that a provision designed to assist a married woman to obtain the relief which is the object of the law, is not germane to that object. On the contrary, we think it is intimately bound up with it.

■ The authority of the court to make an order for the support of the children *pendente lite* did not exist until the amendment of 1905, above quoted. It has been suggested that the language of the amendment is too vague to be enforceable, but, while it is clumsily drawn, we think the intention of the legislature to authorize the court to make such provisional orders in this kind of a proceeding as were at the time provided for in the divorce statute is sufficiently manifest; and, besides, the decision of this court in *Wertz v. Wertz*, 125 Or. 53, 263 P. 911, approving an allowance of attorneys' fees is decisive of the question.

■ The title of the 1905 amendment is attacked on the ground of uncertainty. It reads "An act to amend Section 5242 of Title XLII of Chapter XI of Bellinger and Cotton's Annotated Codes and Statutes of Oregon." The official designation of the publication apparently referred to is "Bellinger's Annotated Code and General Laws of Oregon" (General Laws 1901, p. 117), and that compilation contains no Title XLII of Ch. XI. It does, however, contain a § 5242, which is identical with § 3 of the Act of 1889, and but one § 5242. That section is a part of Ch. II of Title XLII. The publication authorized by General Laws 1901, p. 117, was put out under the name by which it is designated in the amendment, and has been generally known by that name to the profession and the courts ever since. It is the name by which it has been constantly and repeatedly referred to in the opinions of this court and by the com-

pilers of the present Oregon Code 1930. Since there is but one § 5242 in that compilation, the references to the title and chapter are obvious clerical errors, and may be disregarded, and as the words indicate with reasonable certainty what compilation is intended, we think the point under consideration is without merit. *Hearn v. Louttit*, 42 Or. 572, 575, 72 P. 132.

■■ Notwithstanding these conclusions, we are of the opinion that the orders, both provisional and final, directing the defendant to contribute to the support of the minor children are erroneous. This is a statutory proceeding (*Fowler v. Fowler*, supra; *Therkelsen v. Therkelsen*, 35 Or. 75, 54 P. 885, 57 P. 373), and it is essential that those invoking its aid bring themselves within the provisions and comply with the requirements of the statute. The only minor children spoken of by the statute are those "by said husband living with her" (the mother). The relief must be sought by means of a petition, which "shall set forth the facts and circumstances upon which she relies for such order", and the court is empowered to grant a decree for the support of "said wife and children". That the children should be living with the mother at the time of the commencement of the suit is of the essence of the right, and, therefore, the fact must be pleaded. There is no such allegation in the petition, and hence it fails to state a cause of suit for support of the children. As will appear, an allegation of that character could at no time have been truthfully made.

Subsequent to the submission of this case, the court's attention was directed to Ch. 361, Oregon Laws 1939, which had not been cited by counsel in their briefs or on the oral argument, and a reargument was ordered. That chapter is as follows:

## "AN ACT

"To provide for the support of the wife and minor children, conferring jurisdiction on the circuit courts to make orders providing for such support and the procedure therefor, fixing the filing fees therein, and providing the duties of district attorneys in connection therewith.

*"Be It Enacted by the People of the State of Oregon:*

"Section 1. It shall be lawful for any married woman with minor children or children legally adopted to apply to the circuit court of the county in which she resides or to the circuit court of the county wherein her husband may be found for an order upon her husband, if such husband be the natural or adopted father of such children, to provide for her support and the support of her minor children, by filing in said county a petition setting forth the facts and circumstances upon which she relies for such order. If satisfied that a just cause exists, the court shall direct that a citation issue to the husband requiring him to appear at a time set by the court to show cause why an order of support should not be entered in the matter; and if it shall appear to the satisfaction of the court that such woman is without funds to employ counsel and is otherwise unable to obtain counsel, the court may make an order directing the district attorney to prepare such petition and citation.

"Section 2. After the hearing of said petition the court shall make an order granting or denying the said petition and fixing the terms and amount of such support allowed, if the same be allowed.

"The court shall have the same power to compel the attendance of witnesses or the production of testimony as in actions at law and suits in equity, and to make such decree or orders as shall be equitable in view of the circumstances of both parties, and to punish violations thereof as other contempts are punished.

"Section 3. At the time of filing said petition, the petitioner shall pay to the clerk of the court a fee of $2.50, which fee shall cover all charges incident to the

filing of papers necessary to a complete determination of the matter and no part of which shall be applied toward the library fund, if any, of such county; provided, however, that the court may, upon satisfactory showing that the petitioner is without funds to pay such filing fee, order that the petition and other papers be filed without the payment of such fee.''

 The foregoing enactment obviously relates to the same subject as § 33-207, Oregon Code 1930, and the two statutes should be read together as though they constitute one law. 59 C. J. Statutes, 1043, § 620. Repeals by implication are not favored, and before such repeal is established there must be between two acts "plain, unavoidable, and irreconcilable repugnancy, and even then the old law is repealed by implication only *pro tanto*, to the extent of the repugnancy." *Messick v. Duby*, 86 Or. 366, 371, 168 P. 628 (citing 36 Cyc. 1073); *Swensen v. Southern Pacific Company*, 89 Or. 275, 279, 174 P. 158; *Walters v. Waggener*, 104 Or. 682, 688, 208 P. 753. The courts, moreover, will adopt any reasonable construction which will sustain both statutes. *Swensen v. Southern Pacific Company*, supra; *Pacific Elevator Co. v. Portland*, 65 Or. 349, 387, 133 P. 72, 46 L. R. A. (N. S.) 363; 25 R. C. L. Statutes 919, § 169.

Since there was an existing statute on the subject, it seems clear from examination of the later act that the legislative purpose in adopting it was primarily to lighten the burden for married women seeking the benefit of its provisions by affording them the services of the district attorney in proper cases and reducing the amount of the filing fee. In these provisions there is no inconsistency whatever with anything contained in the earlier law.

■ It is suggested, however, that a conflict or inconsistency appears between the two statutes in that the latter embraces minor children who are not living with the mother, since it provides that "any married woman with minor children" may obtain an order of support for "her minor children", and the words of limitation in the original enactment, "living with her", are omitted. Hence, it is argued, this particular provision of the earlier law has been impliedly repealed.

We are unable to concur in this view. Mindful that repeals by implication are not favored, and of our duty, if possible, to reconcile the two statutes so that both may stand, we think that the language of the later act, in so far as it provides for the support of minor children, should be restrained to cases of children who are living with their mother. It must be assumed that the legislature was aware of the construction which this court had placed upon an existing statute upon the same subject, and, consequently, that it was intended to make the relief provided for available only to a married woman who is living separate and apart from her husband because of the latter's fault. If we hold that the asserted repeal has taken place, it would follow that in those circumstances the court has been empowered—as was done here—to require the husband to pay to his wife money for the support of their children, nothwithstanding the children are in the husband's custody. The practical difficulties attendant on such a construction of the law impel us to reject it as unreasonable in the absence of clear language indicating·that that was the legislative intention.

It is not meant to intimate that in such a case the moral and legal duty of a father to support his minor children cannot be enforced. There are ways of com-

pelling the performance of that duty; but the particular relief afforded by this statute is limited, as we hold, to those cases where the children are living with the mother.

The present legislation on this subject, as will more fully appear later, is in a confused and unsatisfactory state, and might well merit the attention of the legislature at its forthcoming session.

*SECOND: The order for support of the plaintiff pendente lite.*

This order is sought to be justified by the provision in § 6-913, Oregon Code 1930, authorizing such allowances in divorce cases, and which it is claimed became a part of the separate maintenance statute by adoption in 1905. But, as we have seen, there was no such provision in the divorce statute in 1905, nor until 1917. It is a well-established and practically universally accepted rule that when a statute adopts a part or all of another statute by a specific and descriptive reference thereto, such adoption takes the statute as it exists at that time, and does not include subsequent additions or modifications of the statute unless it does so by express intent. 2 Lewis Sutherland Stat. Const. (2d Ed.) 788, § 405; 25 R. C. L. 908, § 161; *Kendall v. United States*, 12 Peters 524, 37 U. S. 524, 9 L. Ed. 1181; *In re Thomas H. Heath*, 144 U. S. 92, 12 S. Ct. 615, 36 L. Ed. 358; *Hutto v. Walker County*, 185 Ala. 505, 64 So. 313, Ann. Cas. 1916B, 372, with note at page 375; *State v. Leich*, 166 Ind. 680, 78 N. E. 189, 9 Ann. Cas. 302, with note at page 303. Consequently, the reference in the 1905 amendment to the specific section of the statute relating to divorce proceedings was intended as an adoption of that section as it then stood, and the subsequent amendment of the

statute empowering the court in a suit for divorce to make provision for the support of the wife *pendente lite*, did not become a part of the separate maintenance law. The proceeding being special and statutory, the court has only such powers as the legislature has granted it (*Therkelsen v. Therkelsen*, supra), and the order is, therefore, a nullity. In the instant case, however, the point is of no practical importance, because in the order for temporary support and in the final decree the payments are required to commence on the same day, and in this respect the final decree is free from error.

*THIRD: The order for suit money, including attorneys' fees.*

■ As stated, this court has previously determined that the circuit court is authorized to award suit money, including attorneys' fees in a suit for separate maintenance. *Wertz v. Wertz*, supra. The order in this regard and the judgment for unpaid attorneys' fees incorporated into the final decree are, therefore, sustained.

*FOURTH: The orders granting custody of the children to the plaintiff.*

We are met here with a novel situation.

■ Through the medium of the 1905 amendment, there became a part of the separate maintenance act the section of the divorce statute authorizing the court to provide by order "for the care, custody, and maintenance of the minor children of the marriage during the pendency of the suit". The legislature, however, neglected to say what, if anything, should be done about the permanent care and custody of the minor children. The law has been left in such shape that the circuit

judge might, by possibility, grant the custody of the children to one of the parties *pendente lite*, and after the trial and a full hearing discover that he had made a mistake which he was powerless to correct. What the legislature intended to accomplish by this sort of law-making we will not even venture to guess; we suspect that it did not intend anything, but simply forgot to finish the task. We cannot finish it without invading the legislative province.

The order granting permanent custody of the minor children to the plaintiff is unauthorized and void, for want of statutory authority to make it.

■ Counsel for the plaintiff suggest that the circuit court in this proceeding exercises general equity powers, and that it is within the inherent jurisdiction of a court of equity to make decrees concerning the custody of children. In support of this view they have called to our attention the decision of the New York Court of Appeals (opinion by Cardozo, J.) in *Finlay v. Finlay,* 240 N. Y. 429, 148 N. E. 624, 40 A. L. R. 937.

We think it is an erroneous assumption that the court in a suit for separate maintenance exercises general equity powers. It is, as we have said, a special proceeding, in which the court's jurisdiction is prescribed and limited by the statute, although, as in suits to dissolve the marriage contract, the court is governed by equitable principles in exercising the powers conferred.

But that apart, the decision in the Finlay case does not support the plaintiff's position, because the court there held that equity will not interfere to determine the custody of minor children in an action brought by one parent against the other, but that the equitable remedy is "by petition to the chancellor or to the court

that has succeeded to the chancellor's prerogative''; and, as the proceeding then before the court was a suit by the husband against his wife to obtain the custody of their minor children, who were with the mother, the suit was dismissed for want of jurisdiction. The principle announced and the decision are opposed to the plaintiff's contention.

■ The order granting custody of the minor children *pendente lite* is, for reasons already stated, valid and enforceable. That order, as we were informed by counsel for both parties on the argument, has not been complied with, and the minor children have never been living with the plaintiff since the institution of this suit. A motion filed by the plaintff in this court to require the defendant to comply with the order cannot be considered by us. We do not deem it in aid of our appellate jurisdiction. Counsel for defendant informed us that in refusing to obey the order he acted on their advice; but, however that may be, it is a matter to be dealt with, in the first instance, by the circuit court.

The decree of the circuit court is modified by eliminating therefrom the orders for support of the plaintiff *pendente lite,* and the orders for the permanent custody and support of the minor children, and as so modified will be affirmed. The plaintiff will recover her costs and disbursements.

RAND, C. J., and KELLY and BELT, JJ., concur.